UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LISA CHUNG, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|   vs. | ) | 1:04-cv-1857-RLY-WTL |
| | ) | |
| NATIONAL CHECK BUREAU, INC., | ) | |
|     Defendant. | ) | |

**ENTRY ON NATIONAL CHECK BUREAU, INC.'S CORRECTED MOTION TO DISMISS**

On November 11, 2004, Lisa Chung ("Chung") filed a Complaint, alleging that National Check Bureau, Inc. ("NCB") violated the Fair Debt Collection Practices Act ("FDCPA"). On January 3, 2005, NCB filed a Motion to Dismiss Chung's Complaint, which was superseded by NCB's Corrected Motion to Dismiss filed on January 12, 2005. The court, based on the record as a whole, now **DENIES** NCB's Corrected Motion to Dismiss.

**I.  Background**

On a date before March 2, 2004, Chung defaulted on a debt alleged to be owed to Providian National Bank ("Providian"). Subsequently, Providian assigned all right, title, and interest in Chung's debt to Unifund CCR Partners ("Unifund"). Unifund then assigned all right, title, and interest in Chung's debt to NCB. On March 2, 2004, NCB sent Chung a letter requesting payment of her debt. The letter was NCB's first

1

communication with Chung and states in relevant part: "Unless you notify this office (NCB) in writing within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office (NCB) will assume this debt is valid."  Plaintiff's Exhibit A.

Chung alleges that because the letter required her to notify NCB in writing of any dispute regarding the debt, NCB violated the FDCPA, 15 U.S.C. § 1692, specifically 15 U.S.C. § 1692g(a)(3).

## II.    Dismissal Standard

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court examines the sufficiency of the complaint, not the merits of the lawsuit.  Fed. R. Civ. P. 12(b)(6); *United States v. Clark County, Ind.*, 113 F. Supp. 2d 1286, 1290 (S.D. Ind. 2000).  The court will dismiss a complaint for failure to state a claim only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-56 (1957)).  In making its determination, the court accepts the allegations in the complaint as true, and it draws all reasonable inferences in favor of the plaintiff.  *Mallett v. Wisconsin Div. of Vocational Rehabilitation*, 130 F.3d 1245, 1248 (7th Cir. 1997); *Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir. 1996).  In sum, the court assumes that all alleged facts are true and determines whether the party seeking relief has pled all elements in the cause of action for which relief is being sought.

**III.     Discussion**

In 1968, Congress passed the FDCPA to protect consumers from abusive debt collection practices by debt collectors. 15 U.S.C. 1692(e) (2005). To achieve that end, section 1692g provides that a debt collector must include certain language in communications with consumers. Section 1692g(a) of the FDCPA states in relevant part:

   (a) Notice of debt; contents

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–
> ***
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

15 U.S.C. § 1692g(a)(3)-(5).

This court has had occasion to interpret section 1692g of the FDCPA. *See Walters v. PDI Management Services* 2004 WL 1622217 (S.D. Ind. 2004) (Tinder, J.) (granting consumer's summary judgment motion where debt collector sent a letter requiring dispute of debt to be in writing); *Edmonds v. National Check Bureau, Inc.,* 2003 U.S. Dist. LEXIS 17476 (S.D. Ind. 2003) (Barker, J.) (same); *Spearman v. Tom Wood Pontiac-GMC*, 2002 U.S. Dist. LEXIS 24389, 2002 WL 31854892 (S.D. Ind. 2002) (Tinder, J.) (holding that because subsection (a)(3) does not require that a dispute be in writing and subsections (a)(4) and (5) and subsection (b) do require that the notification to the debt collector be in writing, the exclusion of the "in writing" requirement from §

1692g(a)(3) was intentional and purposeful); *Epps v. Creditnet, Inc.,* No. IP 00-1451-C-G/H (S.D. Ind. 2002) (Godich, J.) (finding that no writing is required to dispute a debt); *cf Castillo v. Carter*, 2001 U.S. Dist. LEXIS 2686, 2001 WL 238121 (S.D. Ind. 2001) (Hamilton, J.) (holding that section 1692g(a)(3) should be interpreted to have a writing requirement).  Among the four most recent cases, interpreting section 1692g(a)(3) not to have a writing requirement, the court finds *Edmond*s particularly persuasive because it is factually similar to the case at hand and because it involved NCB.

In *Edmonds*, the plaintiff entered into a Consumer Loan Agreement with Check-n-Go, but after one of plaintiff's checks to Check-n-Go was returned for insufficient funds, the check was assigned to NCB for collection. *Edmonds*, 2003 U.S. Dist. LEXIS 17476 at *3.  NCB sent a letter to Edmonds stating, in part: "Unless you notify this office (NCB) in writing within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office (NCB) will assume this debt is valid." *Id.*

In finding that section 1692g(a)(3) should not be interpreted to require disputes to be in writing, the *Edmonds* Court reasoned:

> We begin by noting that . . . other courts have disagreed on this issue. . . . In order to resolve this question, therefore, we must utilize our traditional methods of statutory interpretation to analyze the meaning of § 1692g.
> ***
> The plain language of subsection (a)(3) does not require that the consumer dispute the debt in writing.  By contrast, the subsections immediately following this provision impose obligations on the debt collector only in cases where the debtor makes certain written requests or notifications. *See* 15 U.S.C. §§ 1692g(a)(4), (5). We must therefore assume, as have other courts, that Congress intended this distinction and, accordingly, that no writing requirement should be read into subsection (a)(3). (citations omitted)

> This reading of § 1692 is consistent with the purpose of the statute as a whole. Congress enacted the FDCPA in 1977 "to eliminate abusive debt collection practices by debt collectors. . . . "

*Id.* at *10-11.

The court agrees with the reasoning in *Edmonds* that traditional methods of statutory interpretation support a reading that section 1692g(a)(3) does not require disputes of debt to be in writing.  It is a well established rule that the inclusion of particular language in one section of a statute and the absence of that language in another section creates the presumption that Congress intended the inclusion or exclusion. *Russello v. U.S.,* 464 U.S. 16, 23 (1983) (rejecting the proposition that differing language in two subsections has the same meaning in each); *see also General Motors Corp. v. U.S.*, 496 U.S. 530, 541 (1990).

The weight of authority from other jurisdictions supports the court's conclusion. *See, eg., Vega v. Credit Bureau Enterprises,* 2005 WL 711657 (E.D.N.Y. 2005) (finding that section 1692g(a)(3) should not be interpreted to require disputes of debt to be in writing); *In re Risk Mgmt. Alternatives, Inc., Fair Debt Collection Practices Act. Litig.,* 208 F.R.D. 493, 502 (S.D.N.Y. 2002) (same); *Nasca v. GC Servs. Ltd. P'ship,* 2002 WL 31040647 at *6 (S.D.N.Y. 1999) (same); *Castro v. ARS Nat. Servs., Inc.*, 2000 WL 264310 (S.D.N.Y. 1999) (same); *Ong v. American Collections Enter., Inc.*, 1999 WL 51816 (E.D.N.Y. 1999) (same); *Harvey v. United Adjusters*, 509 F. Supp 1218, 1221 (D. Ore. 1981) (same).

### IV. Conclusion

The court concludes that section 1692g(a)(3) of the FDCPA should be interpreted to allow consumers to dispute the validity of their debt in ways other than writing. Consequently, by alleging that NCB only allowed Chung to dispute her debt in writing, Chung has stated a cause of action, the violation of a statutory right, for which this court may grant relief. This court therefore **DENIES** NCB's Motion to Dismiss.

SO **ORDERED** this   30th   day of June 2005.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Alan I. Ehrenberg
STATMAN HARRIS SIEGEL EYRICH
aehrenberg@shsechicago.com

Scott Carter Frost
STATMAN HARRIS SIEGEL EYRICH LLC
sfrost@shsechicago.com

Clifford W. Shepard
consprolaw@aol.com